## The People of the State of Illinois, Defendant in Error, v. John Litcher, Plaintiff in Error.

## Gen. No. 18,819.

1. APPEALS AND ERRORS—*contradiction of record.* The record imports verity and may not be contradicted or impeached except by other portions thereof.

2. JURY—*execution of waiver of jury trial.* Where the name "John Litcher" appeared in an information and a judgment of conviction and the name G. Lichard was signed to a waiver of a trial by jury, it appearing from the record that the written waiver therein contained was in fact signed by plaintiff in error, it is as effectual to waive his trial by jury as though he had signed it by his proper name.

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 30, 1913.

CHARLES A. WARD, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOF-HEIMER, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

To an information filed in the Municipal Court charging him with the larceny of $5.97, plaintiff in error, John Litcher, pleaded not guilty and upon a trial by the court without a jury was convicted and sentenced to confinement in the House of Correction for the term of one year and to pay a fine of $100 and costs of suit. The judgment of conviction is sought to be reversed upon the ground that the record fails to disclose that plaintiff in error executed a formal waiver in writing of a trial by jury.

In the record following the placita and the title of the case appears the following:

"Now come the said People by the State's Attorney, and the defendant John Litcher, in his own proper person also comes, and the said defendant being duly arraigned and forthwith demanded of and concerning the charge alleged against him in the information herein how he will acquit himself thereof, for a plea in that behalf says that he is not guilty in manner and form as charged in said information.

"The said defendant being duly advised by the Court as to his right to a trial by jury in this cause, elects to waive a trial by jury, and now here executes a formal waiver in writing of a trial by jury, which waiver of jury trial is filed in this cause, and this cause is, by agreement in open Court between the parties hereto, submitted to the Court for trial without a jury."

The written waiver of a trial by jury which was filed in the case is incorporated in the record as follows:

"The Municipal Court.  Jury Waiver—State Case.
In The Municipal Court of Chicago.

State of Illinois,
   County of Cook,  }ss.
   City of Chicago.

The People of the State of Illi-
  nois,
          vs.         } Criminal. No. 71641

    John Litcher

For Larceny.

I, the undersigned defendant in the above entitled
cause, being duly advised by the Court as to my right
to a trial by jury in the above cause, hereby waive a
trial by jury in said cause and agree that said cause
shall be submitted to the Court for trial without a
jury.                            G. Lichard."

It is insisted that the difference between the name
"John Litcher," as the same appears in the informa-
tion and in the judgment of conviction, and the name
"G. Lichard," as the same appears signed to the writ-
ten waiver of a trial by jury, is so great that the inevi-
table conclusion is that two separate and distinct per-
sons are thereby represented.

The record imports verity and may not be con-
tradicted or impeached except by other portions
thereof.  The recitals in the record specifically iden-
tify John Litcher, the plaintiff in error, as the precise
person who executed the formal written waiver of a
trial by jury filed in the case and upon which the case
was submitted to the court for trial without a jury and
was so tried by the court.  It appearing from the
record that the written waiver therein contained was
in fact signed by plaintiff in error, it was as effectual
to waive his trial by jury as though he had signed it
by his proper name.

If the record contained no recital that plaintiff in

error executed the written waiver here involved, a different question would arise. Upon the record as made it must be held that plaintiff in error, John Litcher, executed the written waiver in question by signing the same as "G. Lichard."

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*